UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILLIAN HOWELL-BELL,

    Plaintiff,

v.

Case No. 1:22-cv-405

Hon. Hala Y. Jarbou

UNITED STATES OF AMERICA,

    Defendant.

_____/

## **OPINION**

Plaintiff Lillian Howell-Bell slipped and fell while visiting the Eastown Post Office in Grand Rapids, Michigan. She sued the United States under the Federal Tort Claims Act ("FTCA") seeking damages for physical and emotional injuries stemming from the fall. (Compl. 1, 4, ECF No. 1.) She claims the Government is liable under a theory of premises liability. (*Id.* at 1-2.) Before the Court is the Government's motion for summary judgment arguing Howell-Bell cannot establish a nexus between the fall and any damages she allegedly suffered. (Def.'s Mot. 1, ECF No. 58.) For the reasons discussed herein, the Court will deny the Government's motion.

### **I. BACKGROUND**

On December 1, 2018, Howell-Bell went to the Eastown Post Office in Grand Rapids, Michigan, to retrieve her mail. (Howell-Bell Dep. 34, ECF No. 59-1.) After parking in a handicap parking space, while walking toward the building entrance, she slipped and fell on black ice. (*Id.* at 34-35.) In an attempt to get up from the ground, she fell again. (*Id.* at 35.) Once upright, she progressed into the Post Office and informed postal employees that she fell due to the icy conditions in the parking lot. (*Id.* at 36). Subsequently, one of the postal employees went into the parking lot to put melting salt on the area around where Howell-Bell parked her truck. (*Id.* at

36-37.) Apart from initial soreness, she did not recognize any injuries related to the fall until days later when her pain intensified during a visit with family in Illinois. (*Id.* at 37.) She sought medical attention for her increasing ankle and back pain at the Amita St. Alexius Medical Center in Illinois. (Amita Medical R., ECF No. 62-6, PageID.381.) Records from her visit document Howell-Bell's hip, shoulder, and back pain, all attributed to her fall. (*Id.*, PageID.383.) Doctors gave her crutches and medication to ease her pain. (Howell-Bell Dep. 39.)

Weeks later, when back in Michigan, she scheduled a follow up appointment at Blodgett Hospital. (Blodgett Hospital Medical R., ECF No. 62-7, PageID.385.) After this visit, she began her years-long treatment with various health providers for various ailments. Howell-Bell experienced chronic back, leg, and foot pain that continued to intensify after her fall, and she was diagnosed with lumbar stenosis—spinal displacement consistent with injuries reported from her initial treatment in Illinois. (Grand River Medical R., ECF No. 62-19, PageID.429; Amita Medical R., PageID.385.) She developed dermatomyositis—a skin and muscular disease—and alleges it was trauma-induced, caused by her fall. (Howell-Bell Dep. 44.) Howell-Bell experiences traumatic arthritis, which a physician attributes to her fall. (Rush Dep. 13-14, ECF No. 62-31.) She also sought treatment for bilateral finger numbness. (Lovell Hand Medical R., ECF No. 62-30, PageID.537.)

While Howell-Bell admits she had back and leg pain prior to this incident (Howell-Bell Dep. 19), she claims lingering injuries attributable to and exacerbated by her fall at the Post Office. She sued the United States under the FTCA. The Government argues Howell-Bell's negligence claim fails as a matter of law because she cannot establish causation or damages.

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

2

56(a).  The party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material facts.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288-89 (1961)).

Summary judgment is not an opportunity for the Court to resolve factual disputes.  *Anderson*, 477 U.S. at 249.  The Court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021).

### III. ANALYSIS

#### A. Jurisdiction Under the FTCA

The FTCA "waive[s] the sovereign immunity of the United States by giving district courts jurisdiction over certain tort actions against the United States." *Rosebush v. United States*, 119 F.3d 438, 440 (6th Cir. 1997).  As a threshold jurisdictional issue (which the Court raises sua sponte),[1] the alleged improper maintenance of the premises—in regards to snow and ice removal—was not a discretionary act.

Congress carved out an exception to the FTCA for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of . . . an employee of the Government." 28 U.S.C. 2680(a).  This exception, which limits subject matter jurisdiction over FTCA claims, applies when the government actor makes a decision

---

[1] Because this issue concerns subject matter jurisdiction related to a statutory exception to sovereign immunity, the Court may raise the issue sua sponte.  *See, e.g.*, *Gaetano v. United States*, 994 F.3d 501, 508-09 (6th Cir. 2021); *Cady v. Arenac County*, 574 F.3d 334, 344 (6th Cir. 2009).

3

"grounded in the policy of the regulatory regime." *United States v. Gaubert*, 499 U.S. 315, 324-25 (1991).

Here, no such decision was made. Postal employees must maintain the premises in a "specific manner." *Rosebush*, 119 F.3d at 442. They must remove the snow and ice. Grand Rapids, Mich., Code §§ 4.84, 4.89; *see also Valente v. United States*, 264 F.2d 800, 802 (6th Cir. 1959) (evaluating Post Office's ice removal responsibilities—under the FTCA—based on local ordinance); *cf. Hatcher v. United States*, 512 F. App'x 527, 530 (6th Cir. 2013) (employees had discretion over whether they needed to address hazards).

Even if compliance with ice removal standards involved some semblance of discretion (as to how much salt to apply and when to apply it), postal employees were not "balance[ing] competing needs when deciding how to run [the] federal facility." *See Rich v. United States*, 119 F.3d 447, 451 (6th Cir. 1997). The facts indicate that employees had yet to apply salt to the parking lot, not that they made a deliberate choice to balance their resources and apply it later. (Howell-Bell Dep. 36.) It is not enough that a potential decision *could have* involved discretion; the employee must *make a decision* that "implicate[s] social, economic, or political policies." *See Gaubert*, 499 U.S. at 332; *see also Palay v. United States*, 349 F.3d 418, 432 (7th Cir. 2003); *Coulthurst v. United States*, 214 F.3d 106, 110 (2d Cir. 2000); *Bell v. United States*, 4 F. Supp. 908, 917 (S.D. Ohio 2014). Here, the facts indicate (without the Government presenting an alternative) that the postal employees made no decision at all, let alone a decision covered under the discretionary exception. The Court has jurisdiction over this matter.

### B. Premises Liability

"Liability of the United States under the FTCA . . . is governed by state law." *Hilderbrand v. U.S. Dep't. of Army*, 209 F. App'x 515, 517 (6th Cir. 2006) (internal citation omitted).

4

Howell-Bell brings her claim under premises liability, alleging the Post Office failed to warn of and/or cure a hazardous condition and did not properly inspect the premises for hazardous conditions. (Compl. 3.) "All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v. F&E Oil, Inc.*, 1 N.W.3d 44, 51 (Mich. 2023). The Government does not bring forth arguments challenging whether the Post Office owed Howell-Bell a duty as an invitee or whether such a duty was breached; the motion for summary judgment is limited to causation and harm.

### 1. Causation

The Government argues Howell-Bell's negligence claim fails as a matter of law because no reasonable jury could find that the slip and fall caused her injuries. "Causation is an issue that is typically reserved for the tier of fact unless there is no dispute of material fact." *Patrick v. Turkelson*, 913 N.W.2d 369, 382 (Mich. Ct. App. 2018). Here, questions of material fact remain.

Howell-Bell must establish cause in fact and legal cause. *Id.* at 382. Looking at the facts in the light most favorable to the nonmoving party, as is required at the summary judgment stage, Howell-Bell presents evidence sufficient to establish both.

For cause in fact, Howell-Bell must show that, but for the fall, she would not have experienced her injuries. *See id.* "Although causation cannot be established by mere speculation," so long as Howell-Bell's evidence "establishes a logical sequence of cause and effect" between the fall and her injuries, she "create[s] a question of fact for the jury." *See id.* at 383. For legal causation, Howell-Bell must show that her injuries were a foreseeable consequence of the fall. *See id.* It is not necessary that the Post Office anticipated Howell-Bell's particular injuries; to establish legal cause, it is only necessary that some physical injuries "might have been anticipated" from falling on ice. *See id.*

The Government focuses on her dermatomyositis, arguing that her fall could not have caused this autoimmune disease. Howell-Bell disagrees, presenting a statement—under oath—that dermatomyositis can be, and in this case was, trauma-induced, caused by her fall at the Post Office. (Howell-Bell Dep. 44.) Resolving this fact in favor of the nonmoving party, given her sworn statement, it is reasonable for a jury—in making a determination on witness credibility—to conclude the fall was a but-for cause of her condition. Further, Howell-Bell alleges additional injuries. She cites medical records that detail her persistent back, hip, and leg pain that intensified after her slip and fall at the post office. (Grand River Medical R., PageID.429; Amita Medical R., PageID.385.) She also developed traumatic arthritis, which, according to one of her health care providers, was "more likely than not" caused by the fall. (Rush Dep. 13-14.) The Government claims its evidence is more convincing. Given that Howell-Bell has presented evidence establishing a logical sequence between the fall and her injuries, this is an argument best suited for a jury. Similarly, when someone slips and falls, a reasonable person would anticipate injuries. Unless there is no question of material fact, "the determination of whether a particular harm is foreseeable is an issue for the trier of fact." *Sponkowski v. Ingham Cnty. Rd. Comm'n*, 393 N.W.2d 579, 581 (Mich. Ct. App. 1986). Regulations directing premises to clear snow and ice seek to prevent harm from slips and falls. Howell-Bell has presented evidence that could allow a reasonable jury to find the slip and fall was the but-for cause of Howell-Bell's foreseeable injuries.

### 2. Harm

Relying on Howell-Bell's admission that she suffered similar pain and discomfort before the fall, the Government argues that Howell-Bell has not presented evidence that would allow a reasonable jury to conclude she suffered injuries. The Court disagrees.

"[T]he aggravation or triggering of a preexisting condition can constitute a compensable injury." *Fisher v. Blankenship*, 777 N.W.2d 469, 476 (Mich. Ct. App. 2009). "Regardless of the

preexisting condition, recovery is allowed if the trauma caused by the accident triggered symptoms from that condition." *Wilkinson v. Lee*, 617 N.W.2d 305, 308 (Mich. 2000).  As discussed above, Howell-Bell's medical records attribute her persistent back, hip, and leg pain to her slip and fall, even though she experienced similar symptoms before.  (Grand River Medical R., PageID.429; Amita Medical R., PageID.385.)  One of her doctors connects her traumatic arthritis to the slip and fall and discusses how the impact with the ground may have aggravated other symptoms of her conditions.  (Rush Dep. 13-14, 20-21.)  Howell-Bell has sought medical treatment for the injuries she alleges, including those to her upper extremities.  (Lovell Hand Medical R., PageID.537.)  Given the evidence she presents, the extent to which the fall may have aggravated her injuries is a question for the jury.  The Government presents contrary evidence, questioning the reliability of diagnoses based on a patient's account.  But the Court does not weigh credibility at the summary judgment stage.  Howell-Bell has presented medical records and doctor testimony that, when looking at the facts in the favor of the nonmoving party, allows a reasonable jury to find for Howell-Bell.  Thus, summary judgment is inappropriate.

## IV. CONCLUSION

Genuine issues of material fact remain with respect to Howell-Bell's claim.  She has presented evidence that would allow a reasonable jury to determine the slip and fall at the Post Office caused her apparent injuries.  Thus, the Court will deny the Government's motion for summary judgment.

The Court will enter an order consistent with this Opinion.

Dated: November 1, 2024    /s/ Hala Y. Jarbou
                          HALA Y. JARBOU
                          CHIEF UNITED STATES DISTRICT JUDGE